**SO ORDERED: July 11, 2006.**

_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| KEMP LEE, ) | CASE NO. 04-72645-BHL-7 |
|     Debtor. ) | |
| _____ ) | |
| THOMAS YOUNG and LINDA YOUNG, ) | |
|     Plaintiffs, ) | |
| v. ) | ADV. NO. 05-07072 |
| ) | |
| KEMP LEE, ) | |
|     Defendant. ) | |

**ORDER AND JUDGMENT**

This matter was initiated on September 13, 2005, by the filing of Plaintiffs' **Complaint Under § 523(c)(1) to Determine the Dischargeability of a Debt and Request Under § 727(c)(2)** and now comes before the Court on Plaintiffs' **Motion for Summary Judgment** filed on April 17, 2006. The matter was fully briefed on May 30, 2006. Based upon the pleadings and evidence presented, the Court makes the following Findings of Fact:

    1.    On December 21, 2004, the Debtor, Kemp Lee ["Lee"], filed a Chapter 13 petition for relief with this Court. That case was subsequently converted, on May 27, 2005, to a proceeding

under Chapter 7 of the Bankruptcy Code.

2.  Plaintiffs, Thomas and Linda Young ["the Youngs"], have a judgment dated March 31, 2004, against Lee in the principal amount of Nineteen Thousand Six Hundred Six Dollars ($19,606.00), arising out of a proceeding in the Vanderburgh Superior Court, Vanderburgh, Indiana, Cause No. 82D03-0312-PL-5350.

3.  The state court Complaint contains six Counts, including claims of fraud to induce entering into a contract and fraud to induce payment.

4.  Lee filed an Answer in the state court proceeding, but failed to appear for trial. The Vanderburgh Superior Court considered the evidence presented at trial and entered an **Order and Judgment** dated March 31, 2004, in the total amount of $19,606.00 which included an award of attorney fees "based upon the Court's finding that fraud occurred."

Discussion

The Youngs argue that Lee is collaterally estopped from relitigating the issue of fraud in this proceeding inasmuch as that issue was established by the state court when it entered judgment in their favor as stated hereinabove. The Youngs correctly point out that federal law dictates that this Court give the state court judgment full faith and credit when the elements of the prior state claim are the same as those of the fraud discharge exception and the issue was actually litigated. Furthermore, the determination of the issue must have been essential to the final judgment. *See, Sullivan v. American Casualty Co. Of Reading, Pa.*, 605 N.E.2d 134, 137 (Ind. 1992); *Deluna v. Allstate Insurance Co.*, 598 N.E.2d 625 (Ind.App. 1992).

The Seventh Circuit clearly stated that default judgments do not offend the "actually litigated" requirement so long as the party in the prior action had a "full and fair opportunity" to

2

litigate the issue. *In re Catt*, 368 F.3d 789 (7th Cir. 2004). In that case, the Seventh Circuit reversed this Court's finding that the state court proceeding lacked any indicia of being actually litigated, stating:

> . . . had there been no "trial" . . . at all, but merely the entry of a default judgment on motion by the Hashes when Catt failed to appear at the trial, the state court's finding of fraud, being an essential predicate of the judgment, would under Indiana law and consistent with due process . . . have had the same collateral estoppel effect as if the finding had been made after a full adversary proceeding.

*Id.* at 789–90.

In this case, the Court is satisfied that the issue sought to be precluded is the same as that involved in the prior action. While the Plaintiffs included several theories for relief in their Complaint, any of which may have supported the judgment entry, the state court did award attorney's fees based specifically upon a finding of fraud. This Court is therefore satisfied that the finding of fraud was essential to the final judgment. Finally, Lee clearly had the opportunity to defend in the state court action. He filed an Answer to the Complaint and did, at least nominally, participate in the state court proceedings. Although he failed to appear and defend at trial, the Court is not free to speculate as to his motives. He was given a "full and fair opportunity" and that's the extent of this Court's inquiry if the other requirements are met.

Summary judgment is appropriate when there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Upon a motion for summary judgment, the Court will view the evidence in the light most favorable to the non-moving party and will draw all reasonable inferences in favor of the non-moving party. *Markel v. Board of Regents of Wisconsin System*, 276 F.3d 906, 911 (7th Cir. 2002). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

319, 323 (1986). To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings, but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).

<u>Conclusion</u>

Based upon the record before the Court, there is no genuine issue of material fact in dispute. The Judgment of the Vanderburgh Superior Court is entitled to full faith and credit. That Judgment, being based upon the fraudulent conduct of the Debtor, meets the criteria for establishing nondischargeability under section 523(a)(2)(A) of the Bankruptcy Code. The Plaintiffs' Motion for Summary Judgment is, accordingly, GRANTED. The Court hereby finds that the judgment debt, represented by the Order and Judgment of the Vanderburgh Superior Court, in the amount of $19,606.00, is excepted from discharge pursuant to section 523(a)(2)(A).

**IT IS SO ORDERED AND ADJUDGED.**

# # #

Distribution:

Kathryn L. Kornblum
VANSTONE & KORNBLUM
P.O. Box 3115
Evansville, IN 47730

John A. Goodridge
915 Main Street, Suite 208
Evansville, IN 47708